USDC SCAN INDEX SHEET

















TKL    10/3/03    13:44

3:97-CV-01547   WALKER V. SAN DIEGO CITY OF

*234*

*O.*

FILED

03 OCT -3 AM 9: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY WALKER, et al., | Civil No. 97-1547 BTM (LSP) |
| Plaintiffs, | ORDER 1) VACATING AND SUPERSEDING FEBRUARY 13, 2003 ORDER [DOC. NO. 194], |
| v. | 2) APPROVING COMPROMISE OF DISPUTED CLAIM OF MINOR AND |
| CITY OF SAN DIEGO, et al., | 3) APPROVING TERMS AND ESTABLISHMENT OF SPECIAL NEEDS |
| Defendants. | TRUST FOR THE SOLE BENEFIT OF ROBERT HANN |

**IT IS HEREBY ORDERED** that this Court's prior order dated February 13, 2003 [Doc. No. 194] is **VACATED** and superseded by the following:

The Second Amended Petition for Compromise of Disputed Claim by Petitioner KATHRYN HANN (hereinafter "Petitioner") as Guardian Ad Litem for ROBERT HANN, a minor, and Amended Petition to Establish and Fund Special Needs Trust for the Sole Benefit of ROBERT HANN (hereinafter "ROBERT") were considered by the Court.

The Court finds that the best interests of ROBERT are served by compromise of the claim against the Defendants in this matter. Accordingly, **IT IS HEREBY ORDERED** that Petitioner is authorized

1  to compromise ROBERT's claim in this matter in the amount of

2  Twenty-Five Thousand Dollars ($25,000.00).

3  The Court further finds that the establishment of a Special

4  Needs Trust for the benefit of ROBERT is appropriate in this

5  case, in accordance with 42 U.S.C. §1396(d)(4)(A) and California

6  Probate Code Section 3604, for the reasons set forth below:

7  (1)  The Court finds that ROBERT has a disability that

8  substantially impairs his ability to provide for his own care or

9  custody and constitutes a substantial handicap.  ROBERT has been

10  diagnosed with congenital myotubular myopathy, which is a rare,

11  inherited disease which causes low muscle tone and diminished

12  respiratory capacity.  Decl. of Eliana Lois Wenzel, M.D. ¶ 4.

13  ROBERT is nonambulatory and is ventilator dependent.  He is fed

14  through a G-tube and only tolerates small amounts of liquids or

15  very soft foods by mouth.  He receives sixteen hours per day of

16  licensed vocational nursing care in his home.  Id.  He requires

17  total care including sterile dressings, apnea monitor,

18  tracheostomy care with suctioning, inhalation therapy,

19  ventilator, oxygen saturation indicator, special diet,

20  gastrostomy, and feeding pump.  Id. at ¶ 5.  He also requires a

21  number of medications.  Id. at ¶ 4.

22  (2)  The Court finds that ROBERT is likely to have special

23  needs that will not be met without the trust.  ROBERT's parents

24  are low income and ROBERT receives public funds through SSI and

25  Medi-Cal.  Id. at ¶¶ 5-6.  For example, the following special

26  needs of ROBERT are not met by public funding (Id. at ¶ 6):

27  Portable ramps for ROBERT's electric wheelchair; a home bathroom

28  remodel which would allow ROBERT to be lifted in and out of a

2

1   bathtub rather than taking sponge baths, or, in the alternative,

2   a handicapped accessible shower; and a specially equipped,

3   converted mini-van which is needed because ROBERT's parents' van

4   and wheelchair lift are old and are in constant need of repair.

5   Id.

6       (3)   The Court finds that the money to be paid to the trust

7   does not exceed the amount that appears reasonably necessary to

8   meet the special needs of ROBERT.

9       Accordingly, good cause appearing, and upon no objection

10  therefor, **IT IS FURTHER ORDERED** that:

11      1.   Petitioner is authorized and directed to execute the

12  Inland Counties Master Trust Joinder Agreement and Application

13  for Admission, to be administered in accordance with the terms

14  and conditions of the Inland Counties Master Trust Agreement-III

15  (hereinafter collectively "Special Needs Trust").

16      2.   Inland Counties Regional Center, Inc., a California

17  non-profit, public benefit corporation, is appointed as Trustee

18  of the Special Needs Trust.

19      3.   No surety bond shall be required.

20      4.   Prior to funding the Special Needs Trust, all liens,

21  including the lien of the Department of the Navy in the amount of

22  Five Thousand Dollars ($5,000.00), shall be satisfied.  All

23  statutory liens in favor of the State Department of Health

24  Services, the State Department of Mental Health, the State

25  Department of Developmental Services, and any county or city and

26  county in this state shall also be satisfied prior to funding the

27  Special Needs Trust.  Petitioner shall provide proof that all

28  liens have been satisfied prior to the establishment of the

97cv1547

1   trust.

2       5.   The Court makes no specific finding or order with

3   respect to whether the Special Needs Trust for the Benefit of

4   ROBERT HANN satisfies or complies with applicable federal laws or

5   regulations.

6       6.   The terms of the Special Needs Trust are approved in

7   the form set forth below:

**INLAND COUNTIES MASTER TRUST**
P.O. Box 2664
San Bernardino, CA   92406
**INLAND COUNTIES MASTER TRUST AGREEMENT-III**

11      This INLAND COUNTIES MASTER TRUST AGREEMENT-III, hereafter

12  called the "Agreement" is entered into by and between one or more

13  individuals or entities, hereafter called "Trustors" who adopt

14  this Agreement in the manner described below, and INLAND COUNTIES

15  REGIONAL CENTER, INC., a California Non-Profit Corporation,

16  hereafter called "Trustee."

**ARTICLE I**

**Set Up of the Trust**

19      **A.**   Any individuals or other entities who wish to have the

20  Trustee administer property for the benefit of a developmentally

21  disabled person by adopting this Agreement may do so by making

22  application therefor on a Joinder Agreement and Application for

23  Admission; provided, that the Trustee, in its sole discretion,

24  may approve or reject any such application.  On approval, said

25  Joinder Agreement shall become a part of this Agreement and shall

26  be incorporated herein by this reference.

27      **B.**   The Trustee shall hold in Trust all property which

28  becomes an asset of the Trust established pursuant to this

4

Agreement and the Joinder Agreement.

C.   For the purposes of this Agreement the Beneficiary shall be the person named in Section 3 of the Joinder Agreement.

D.   This Trust shall be known as the **INLAND COUNTIES MASTER TRUST.**

E.   The Beneficiary has been diagnosed with congenital myotubular myopathy.  As a result of this condition, the Beneficiary has multiple disabilities that substantially impair his ability to provide for his own care or custody and which constitute a substantial handicap.  This trust is for the special needs of the Beneficiary and is not a support trust.  This trust shall be a discretionary, spendthrift trust to supplement government benefits and services.  As used in this instrument, the phrase "special needs" means the requisites for maintaining the Beneficiary's good health, safety, and welfare when, in the discretion of the Trustee, such requisites are not being provided by any public agency, office, or department of the State of California, or of any other State, or of the United States of America.  Such special needs may include, without limitation:

a.   Expenses of attendants, doctors, psychiatrists, rehabilitation professionals, hospitals, mental health facilities, medical care clinics and facilities, rehabilitation clinics and facilities, consultations, tests, nursing care, dental care, attendant care, development services, therapies, medication, special foods, devices and expenses of medical insurance; provided, however, that any such nursing or companion care in the home that is furnished by a member of the Beneficiary's family, will not be compensated at a higher level

1   than that paid to other attendants performing similar services;

2       b.    Expenses of equipment, prosthesis, other materials, and

3   supplies and the like, provided any such expenses offer a

4   reasonable prospect of ameliorating or eliminating a particular

5   difficulty, problem or deficit referred to herein at Article I,

6   Paragraph E;

7       c.    Reasonable expenses for the special needs or

8   supplemental benefits of the Beneficiary.  Special needs or

9   "supplemental benefits" include, but are not limited to,

10  education, medical and dental expenses, training equipment such

11  as computer or television, specialized equipment suitable for the

12  use of the Beneficiary; including health services and

13  recreational activities, not otherwise available which may

14  enhance the Beneficiary's performance or enjoyment of life and

15  other aspects of the Beneficiary's welfare not provided for by

16  basic entitlement programs;

17      d.    Reasonable expenses of travel and lodging, including

18  the services of a companion and ambulance hire or other

19  transportation costs, reasonably incurred in connection with

20  obtaining medical, hospital or institutional care or treatment;

21      e.    Reasonable expenses for the purchase of and maintenance

22  of real estate as an asset of the trust and/or housing

23  improvements including alterations, special equipment and

24  remodeling of the home in which the Beneficiary resides.  In

25  addition, the Trustee is specifically empowered to purchase and

26  maintain as a trust asset a home for the Beneficiary; however,

27  the purchase of such real estate is subject to court approval.

28  Such arrangements shall be made in the Trustee's discretion so as

1  to continue the Beneficiary's eligibility for public benefits.

2  Such arrangements include charging rent to the Beneficiary if

3  necessary to maintain the Beneficiary's eligibility for

4  Supplemental Security Income (SSI);

5      f.   Reasonable expenses for the purchase and/or financing

6  of a specially equipped and adapted motor vehicle suitable for

7  the transportation of the Beneficiary, including suitable

8  insurance and ordinary costs of repair and maintenance; and,

9      g.   Reasonable expenses for any medically related insurance

10  costs.

11  **ARTICLE II**

12  **Transfer of Property to Trust**

13      **A.**  No property other than that which is listed in the Asset

14  Transfer and Payee Designation Record attached to the Joinder

15  Agreement hereto and incorporated by reference may be added to

16  this Trust without the approval of a court having general probate

17  jurisdiction over the Beneficiary, i.e. the Superior Court of the

18  State of California, and the Department of Health Services

19  pursuant to California Probate Code § 3604(b)(3) or the

20  equivalent agency or department in the state in which the

21  Beneficiary resides.  If such aforementioned approval is

22  obtained, then property acceptable to the Trustee may be added to

23  this Trust by any person or source, including by will, by gift or

24  from insurance proceeds, or otherwise, provided that the purposes

25  of the trust are not hindered by acceptance of the Trustee of

26  said property.  The assets of the Trust may from time to time

27  include property other than cash, as more fully provided herein

28  below.

 **B.** The Trustee shall maintain a list of all property transferred to this Trust for the benefit of the beneficiaries and all plans, policies or contracts under which the Trust is payee.

**ARTICLE III**

**Distribution of Income and Principal**

**to the Beneficiary**

 **A.** The Trustee shall distribute the income and principal of the Trust in cash or in kind in accordance with this Agreement and with Section 4 of the Joinder Agreement, for the benefit of the Beneficiary during this life or until the termination of the Trust for his benefit, whichever is sooner.  Any income not distributed shall be added to the principal.

 **B.** Discretionary distributions of income or principal provided for in Section 4 of the Joinder Agreement, may be made to or for the benefit of the Beneficiary as necessary or appropriate to provide for the Beneficiary's Special Needs.  The Trustee shall have absolute and sole discretion in determining when and if it is necessary or appropriate to meet a Special Need and shall take into account other resources available to meet Special Needs.  In making any such discretionary distributions, the Trustee may distribute as much as the Trustee in its sole discretion shall deem appropriate.  A Special Need is the Beneficiary's supplemental support, health, maintenance or education in addition to and not in lieu of the benefits otherwise payable to or for the Beneficiary by any local, county, state or federal government, or by any public or private agencies ("Aid").  For purposes of determining the Beneficiary's

8

1  eligibility for Aid, not part of the principal or income of the
2  Trust Estate shall be considered available to the Beneficiary.
3  In the event the Trustee is requested to release principal or
4  income of the Trust to or for the benefit of the Beneficiary to
5  obtain or pay for benefits that an Aid provider is authorized to
6  provide, or in the event any provider of Aid petitions a court or
7  any other tribunal to compel the release of Trust principal or
8  income for such purpose, the Trustee shall deny such request and
9  is directed to defend, at the expense of the Trust Estate, any
10 content of the paragraph or other such denied request or demand
11 of any nature.

12     C.   The Trustee in the Trustee's sole discretion may make
13 the payments described in Paragraph B above to the Beneficiary or
14 to a Guardian or Conservator of his person or estate, or to any
15 person or institution responsible for or assuming his care, or to
16 any person in payment of expenses incurred for the Beneficiary's
17 benefit for the purposes described in Paragraph B above.

18     D.   If principal distributions are allowed, the Trustee may,
19 in the Trustee's sole discretion, make the payments described in
20 paragraph B above to the Beneficiary as a monthly allowance, even
21 to the extent of exhausting the entire Trust Estate over a short
22 period.

23                            **ARTICLE IV**

24              **Distribution Upon Termination of Trust**

25     A.   If the Trustee under Section 4 of the Joinder Agreement
26 is given discretion as to distribution of principal, the Trustee
27 may, in the Trustee's sole discretion, pay the last illness and
28 funeral expenses, attorneys' fees and other costs incurred in

                                9

1  administering a deceased Beneficiary's estate.

2      **B.**   The balance of that Trust Estate of an irrevocable

3  Trust, upon death of the Beneficiary or other termination of the

4  Trust, shall be distributed to the individuals or entities as

5  provided in Section 6 of the Joinder Agreement.   If distribution

6  to the heirs of Trustors is required, and there are multiple

7  Trustors, an equal amount of the distributable Trust Estate shall

8  be allocated to each group comprising the heirs of each Trustor.

9      **C.**   The balance of the Trust Estate of a Trust, which is

10  revocable under Section 5 of the Joinder Agreement, upon

11  revocation of the Trust by death of the Beneficiary or otherwise

12  shall be distributed to the Trustors and any other transferors of

13  property to the trust in the proportions of their transfers to

14  the Trust.

15      **D.**   Any balance of the Trust Estate not distributed upon

16  termination of the Trust under any other provisions of this Trust

17  or the Joinder Agreement shall be distributed to the Trustors and

18  any other transferors of property to the Trust in the proportions

19  of their transfers to the Trust.   If any of them shall not be

20  living upon termination of the Trust said proportionate share

21  shall be distributed to the heirs of the deceased persons to be

22  determined as though their death had occurred upon said

23  termination and according to the laws of the State of California

24  then in effect relating to the succession of separate property

25  not acquired from a predeceased spouse.

26  **ARTICLE V**

27  **Taxes Arising Upon Death of a Trustor**

28      After all applicable State Departments (including but not

10

1  limited to the State Department of Health Services, the State

2  Department of Mental Health, and the State Department of

3  Developmental Services and any county or city in this state or

4  any public agency, office or department of any city, county, or

5  state of the United States to the extent authorized by law) have

6  been fully reimbursed, unless a Trustor has otherwise specified

7  and has made adequate provision therefor, the Trustee shall pay

8  out of the principal of the Trust Estate included in the gross

9  estate of a Trustor for Federal or state estate tax purposes, any

10 Federal or state estate taxes (including interest or penalties

11 thereon) arising by reason of a Trustor's death to the extent

12 imposed upon or by reason of the inclusion of any portion of the

13 Trust Estate in the gross estate subject to said taxes.

14                          **ARTICLE VI**

15                    **Amendment and Termination**

16      **A.**   This trust is irrevocable and can only be amended with

17 the approval of a court of competent jurisdiction upon petition

18 of the Trustee.  The court's continuing authority to amend the

19 terms of this trust shall be exercised to carry out the

20 intentions of the court and the parties hereto, in the event of

21 changes or developments in laws or regulations concerning

22 services and benefits for individuals with disabilities or as may

23 be necessary to maximize benefits from the trust for the

24 Beneficiary.

25      **B.**   The Trustee, upon petition to a court of competent

26 jurisdiction, may amend the trust for the sole purpose of

27 continuing to qualify or qualifying for the governmental benefits

28 described earlier in this trust.  Nothing in this power of

97cv1547

amendment shall give Beneficiary any rights to principal or income other than what is provided earlier in this trust.

C.   The Trust shall terminate upon the death of the Beneficiary or upon the revocation of the Trust if revocation is provided for in Section 5 of the Joinder Agreement.  The power of revocation shall be exercised by written notice delivered to the Trustee.

**ARTICLE VII**

**Powers of the Trustee**

To carry out the purposes of the Trust, at the expense of the Trust and subject to any limitations stated elsewhere herein, the Trustee is vested with the following powers with respect to the Trust Estate any part of it, in addition to those powers now or hereafter conferred by law.

A.   To continue to hold any property, and to operate at the risk of the Trust Estate any business that the Trustee receives or acquires under the Trust as long as the Trustee deems advisable provided, however, that unproductive property shall not be held as an asset of the Trust Estate for more than a reasonable time; provided further, that the Trustee shall never incur any liability by reason of depreciating assets held or retained in this Trust, regardless of any other provision of this instrument, so long as reasonable care is used;

B.   To manage, control, grant options on, sell (for cash or on deferred payments), convey, exchange, partition, divide, improve and repair trust property;

C.   To lease trust property for terms within or beyond the term of the trust and for any purpose, including exploration for

12

1  and removal of gas, oil and other minerals; and to enter into

2  community oil leases, pooling and unitization agreements;

3      **D.**   To carry insurance of such kinds and in such amounts as

4  the Trustee deems advisable to protect the Trust Estate and the

5  Trustee against any liability;

6      **E.**   To commence or defend such litigation with respect to

7  the trust or any property of the Trust Estate as the Trustee may

8  deem advisable;

9      **F.**   To compromise or otherwise adjust any claims or

10  litigation against or in favor of the Trust;

11      **G.**   To invest and reinvest the Trust Estate in every kind

12  of investment, specifically including, but not by way of

13  limitation, corporate obligation of every kind, stocks, preferred

14  or common, shares of investment trusts, investment companies,

15  partnerships, and mutual funds, and mortgage participations,

16  which men of prudence, discretion and intelligence acquire for

17  their own account, including, but not limited to, any common

18  trust fund administered by the Trustee.  The Trustee may choose

19  not to implement generally prevalent concepts of diversification

20  upon adoption of an investment policy mandating the avoidance of

21  risk of loss to principal as the primary objective.  The Trustee

22  may commingle the assets of this Trust with the assets of any

23  other Trust administered by the Trustee under the Inland Counties

24  Master Trust.  The Trustee need not physically segregate the

25  Trust Estate and may hold undivided interests in property with

26  any other Trust administered by the Trustee to facilitate

27  investment or management of the Trust Property.

28      **H.**   With respect to securities held in the Trust, to have

13

97cv1547

1 all the rights, powers and privileges of an owner, including, but

2 not by way of limitation, the power to vote, give proxies and pay

3 assessments; to participate in voting trusts, pooling agreements,

4 foreclosures, reorganizations, consolidations, mergers,

5 liquidations, sales and leases, and incident to such

6 participation to deposit securities with and transfer title to

7 any protective or other committee on such terms as the Trustee

8 may deem advisable; and to exercise or sell stock subscription or

9 conversion rights. However, no trust asset may be transferred

10 into any form in which ownership may be passed upon delivery,

11 i.e. bearer bonds.

12     **I.**    Except as otherwise specifically provided in this

13 Agreement, the determination of all matters with respect to what

14 is principal and income of the Trust Estate and the apportionment

15 and allocation of receipts and expenses between those accounts

16 shall be governed by the provisions of the California principal

17 and income law from time to time existing. Any such matter not

18 provided for either in this Declaration of Trust or in the

19 principal and income law shall be determined by the Trustee in

20 the Trustee's discretion.

21     **J.**    To purchase or lend funds to acquire a home or part of

22 a home where the Beneficiary resides.

23     **K.**    To employ and pay reasonable compensation to agents,

24 accountants, investment counsels, attorneys and others who in the

25 Trustee's sole discretion are necessary in the administration of

26 the Trust including the protection of the Trust against legal

27 attack. The Trustee may follow the advice of the foregoing

28 without liability if it has used reasonable care in selecting

1  them.

2  **L.**   To pay itself from the Trust Estate a reasonable

3  compensation for services as Trustee.

4  **M.**   The powers and duties of the Trustee hereunder are not

5  intended to supplant or be in lieu of the authority or duty of

6  other persons or entities to pursue provision of Aid to the

7  Beneficiary, e.g., a parent, conservator, guardian or an Aid

8  provider's "client advocate."  Nonetheless, the Trustee, in its

9  discretion, may pursue the provisions of Aid through such

10  responsible person or entity and directly.

11  **N.**   The Trustee may appoint and seek the advice of a

12  voluntary trust advisory committee.  If so, the Trustee shall

13  indemnify and hold harmless such volunteers from any claim, cause

14  of action or liability arising from their conduct, except willful

15  misconduct.

16  The enumeration of certain powers of the Trustee shall not

17  limit its general powers, the Trustee, subject always to the

18  discharge of its fiduciary obligations, being vested with and

19  having all the rights, powers and privileges which an absolute

20  owner of the same property would have.

21  **ARTICLE VIII**

22  **General Provisions**

23  The following general provisions shall govern the operation

24  and administration of the Trust:

25  **A.**   In any case in which the Trustee is required, pursuant

26  to the provisions of the Trust, to divide any trust property into

27  parts or shares for the purpose of distribution, or otherwise,

28  the Trustee is authorized in the Trustee's discretion, to make

15

1  the division and distribution in kind, including undivided

2  interests in any property, or partly in kind and partly in money,

3  and for this purpose to make such sales of the trust property as

4  the Trustee may deem necessary on such terms and conditions as

5  the Trustee shall see fit.

6      **B.**   Income accrued or unpaid on trust property when received

7  into the Trust shall be treated as any other income.  Income

8  accrued or held undistributed by the Trustee at the termination

9  of any Trust created hereunder shall be distributed to the

10  individuals or other entities as provided in Section 6 of the

11  Joinder Agreement.

12      **C.**   If any provision of this instrument in unenforceable,

13  the remaining provisions shall nevertheless be carried into

14  effect.

15      **D.**   This Trust has been accepted by the Trustee in the State

16  of California, and unless otherwise provided in this instrument,

17  its validity, construction and all rights under it shall be

18  governed by the laws of that state.

19      **E.**   As used in this instrument, the masculine, feminine, or

20  neuter gender, and the singular or plural number, shall each be

21  allowed to include the others whenever the context so indicates.

22      **F.**   The rights, powers and obligations of the Trustee and of

23  the owner of any life insurance policy payable to the Trust shall

24  be as follows:

25          1.   The instruments representing insurance policies

26  naming the Trustee as beneficiary need not be deposited with the

27  Trustee unless the Trustee is the owner.

28          2.   The Trustee shall not be required to pay premiums,

1  assessments or other charges upon any of the policies or
2  otherwise to keep them or any of them binding contracts of
3  insurance but may do so in its sole discretion.

4      3.   The owner of each policy made payable to the Trust
5  has reserved all rights, options and privileges conferred upon
6  the owner by the terms of the policies including but not limited
7  to the right to change the beneficiary designation thereof, to
8  hypothecate the policy and to borrow funds from the insurer.
9  Sickness, disability or other benefits and all dividends accruing
10 on the policies during the insured's life may be paid by the
11 insurer to the owner.

12     4.   Upon receipt of proof of death of the insured, the
13 Trustee shall use reasonable efforts to collect all sums payable
14 under their terms, which sums upon receipt shall become principal
15 of the Trust Estate, except interest paid by the insurer, which
16 shall become income.

17     5.   The Trustee may compromise, arbitrate or otherwise
18 adjust claims upon any of the policies.  The receipt of the
19 Trustee to any insurer shall be a full discharge, and such
20 insurer is not required to see to the application of the
21 proceeds.

22     6.   The Trustee shall not be responsible for any acts
23 or omissions of the Trustors or other persons or entity in
24 connection with or relating to any policy, and shall not be
25 required to prosecute any action to collect any insurance or to
26 defend any action relating to any policy unless indemnified in
27 manner and amount satisfactory to the Trustee.

28     G.   No interest in the principal or income of the Trust

17

1 shall be anticipated, assigned, encumbered, or subjected to

2 creditor's claim or legal process before actual receipt by a

3 beneficiary.  The Beneficiary's developmental disability

4 substantially impairs the Beneficiary's ability to provide for

5 the Beneficiary's own care or custody and constitutes a

6 substantial handicap.  Because this Trust is intended to be

7 conserved and maintained for the Beneficiary's Special Needs, no

8 part of the trust principal or income may be subject to the

9 claims of the Beneficiary's voluntary or involuntary creditors

10 for any costs incurred or sums expended for the provision of care

11 and services (including residential care) to or for the

12 Beneficiary (whether prospectively or in reimbursement).

13     **H.**   No purchaser or other party dealing with the Trustee

14 shall be responsible to inquire into its authority to enter into

15 any transaction, or see the application of any money or property

16 paid, transferred or delivered to it.

17                     **ARTICLE IX**

18             **Provisions Relating to Trustee**

19     **A.**   INLAND COUNTIES REGIONAL CENTER, INC., may resign as

20 Trustee hereunder by giving sixty (60) days written notice to the

21 Beneficiary and his Guardian Ad Litem and a court having general

22 probate jurisdiction over the Beneficiary, and shall choose a

23 successor Trustee.  INLAND COUNTIES REGIONAL CENTER, INC.,

24 retains the power to remove any successor Trustee and appoint

25 another Trustee.  If a First Tier Distribution has been elected

26 in the Joinder Agreement, notice of change of trustee shall be

27 given as otherwise described or reference therein.

28     **B.**   Any successor Trustee shall succeed as Trustee, with

97cv1547

1 like effect as though originally named as such herein.  The

2 designation of a successor Trustee is subject to notice and

3 approval by the Court having jurisdiction over this trust, i.e.

4 the Superior Court of the State of California, and the Department

5 of Health Services or equivalent department in any other state of

6 the United States; provided, however, in no event shall the

7 Beneficiary be a Trustee, nor any other person who would not be a

8 permissible Trustee under a Special Needs Trust.  Each

9 designation of successor Trustee shall be made by an acknowledged

10 written instrument.  All authority and powers conferred upon the

11 original Trustee hereunder shall pass to any successor Trustee.

12 The resigning Trustee shall transfer and deliver to the successor

13 the then entire Trust Estate and it shall thereupon be discharged

14 s Trustee of this Trust and shall have not further powers,

15 discretions, rights, obligations or duties with reference to the

16 Trust Estate and all such powers. discretions, right, obligations

17 and duties of the resigning Trustee shall inure to and be binding

18 upon such successor Trustee.  No successor Trustee shall be

19 liable or responsible in any way for any acts or omissions of any

20 predecessor Trustee.

21     C.  Until the Trustee shall receive written notice of any

22 death, or other event upon which the right to payments from this

23 Trust may depend, the Trustee shall incur no liability to persons

24 whose interests may have been affected by that event for

25 disbursements made in good faith.

26     D.  The Trustee shall render an accounting from time to time

27 and upon reasonable request by the Guardian Ad Litem of the

28 Beneficiary regarding the transactions of the Trust by mailing a

1 written accounting to the Guardian or Conservator of the person
2 or estate of the Beneficiary, the Trustors and to parents of a
3 minor Beneficiary.  Unless such person shall deliver a written
4 objection of the Trustee within ninety (90) days of receipt of
5 the Trustee's account, the account shall be deemed settled, and
6 shall be final and conclusive in respect to transactions
7 disclosed in the account as to such person.  After settlement of
8 the account by reason of the expiration of the ninety (90) day
9 period referred to above, or by the agreement of the parties, the
10 Trustee shall no longer be liable to such persons in respect to
11 transactions disclosed in the account, except for the Trustee's
12 intentional wrongdoing or fraud.  The Beneficiary shall also
13 receive such accounting.  The Trustee shall file an annual
14 accounting with the Superior Court of the State of California of
15 its acts as Trustee as required by the Court.  Any accountings
16 shall be in the form approved for San Diego County
17 conservatorships.  Further accountings shall be filed as ordered
18 by the Court.  Further, California law may from time to time
19 require accountings in addition to, not in lieu of, the foregoing
20 and the Trustee will so comply.

21      **E.**  No bond shall be required of the Trustee.
22 //
23      7.  A copy of the executed trust document shall be filed
24 with the Court prior to any distribution to the trust.
25      8.  The first accounting shall be filed with the Superior
26 Court of the State of California within one year of the
27 establishment of the trust.  The Trustee shall also file annual
28 accountings with the Superior Court.  Further accountings shall
be filed as ordered by the Superior Court.

97cv1547

1    9.   This Court shall not retain jurisdiction over the
2 Special Needs Trust.  All administrative issues concerning the
3 trust are to be heard in the Superior Court of the State of
4 California.

5    **IT IS SO ORDERED.**

6
7 Dated: _____9-30-03_____      _Larry A. Burns_____
                                   LARRY A. BURNS
8                                  United States Magistrate Judge

9 COPY TO:

10 HONORABLE BARRY T. MOSKOWITZ
   UNITED STATES DISTRICT JUDGE

11 HONORABLE LEO S. PAPAS
   UNITED STATES MAGISTRATE JUDGE
12
   AMY B. VANDEVELD
13 VANDEVELD LAW OFFICES
   1850 FIFTH AVENUE SUITE 22
14 SAN DIEGO CA 92101
   (619) 231-8883
15
   EUGENE P. GORDON
16 OFFICE OF THE CITY ATTORNEY
   1200 THIRD AVENUE SUITE 1100
17 SAN DIEGO CA 92101
   (619) 558-8500
18

19

20

21

22

23

24

25

26

27

28