JAN I. GOLDSMITH, City Attorney
ANDREW JONES, Assistant City Attorney
EUGENE P. GORDON, Deputy City Attorney
California State Bar No. 42615
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY WALKER, WHEELCHAIR ACCESS NOW TODAY ON BEHALF OF NOEL NEUDECK, KATHLEEN LENTINI AND ITS MEMBERS, ALISA SCHUMAN, and ROBERT HANN, by and through his Guardian Ad Litem, JEB HANN,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, TICKETMASTER, ACE PARKING, CHARGERS FOOTBALL COMPANY, SAN DIEGO PADRES BASEBALL CLUB, SPORTS ARENA 2000 and DOES 1 through 30, Inclusive,<br><br>    Defendants. | Case No. 97cv1547 BTM (LSP)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br><br>Date: Not Set<br>Time: Not Set<br>Judge: Leo S. Papas<br>Ctrm: G, 1st Floor |

Defendants submit the following Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs:

## I

### MOST OF THE ATTORNEYS' FEES AND COSTS SOUGHT BY PLAINTIFFS IN THE INSTANT MOTION HAVE PREVIOUSLY BEEN PAID BY THE CITY

Exhibit "U" of the Settlement Agreement addresses, among other things, the matter of attorneys' fees and costs. It required the City to "pay the sum of $1,300,000.00 as reimbursement to Plaintiffs for all legal fees, including expert fees, consultant fees, attorneys' fees and costs incurred in connection with the Lawsuit for the ten-year period beginning with the initiation of

1

the Lawsuit in 1997, through the Effective Date, and as full payment for any and all such fees and costs which will or may be incurred by Plaintiffs in connection with this Agreement, through September 1, 2007, or such later date as is determined to be the later of the final termination date of this Agreement or the enforcement provisions of this Agreement, except as provided in Sections 13 and 14 hereof."

Section 12 of the Settlement Agreement restates the proposition that the payment of attorneys' fees and costs "shall be in complete satisfaction of any and all claims for reimbursement for such items incurred by or on behalf of Plaintiffs in connection with the Lawsuit through the final disposition and termination of this Agreement, except as provided in Sections 13 and 14 hereof."

Clearly, the payment of $1.3 million to Plaintiffs by the City was intended by the parties to include future attorneys' fees and costs that might be incurred by Plaintiffs in connection with the lawsuit and the Settlement Agreement, "except as provided in Sections 13 and 14."

Section 13 of the Agreement provides in relevant part that *"[i]n the event of any litigation or further proceedings between the parties* hereto relating to this Agreement, the decision of the Court shall be final and non-appealable. In the discretion of the Court, the *prevailing party in any such action* may be entitled to recover reasonable attorneys' fees and costs in connection therewith . . . "(italics added).

Section 14 of the Agreement requires the parties to confer in an attempt to resolve any disputes before referring the matter to the Court.

It is clear from a reading of the language in Exhibit "U" and Sections 12 and 13 that at the time the City made the payment of $1.3 million to Plaintiffs for attorneys' fees and costs, the parties were aware that additional attorneys' fees and costs would be incurred in connection with the Settlement Agreement, and that those fees and costs would be included in the $1.3 million, with the exception of attorneys' fees and costs incurred in connection with "any litigation or further proceedings between the parties relating to the Agreement" where the Court rendered a "final and non-appealable" decision. Thus, not all attorneys' fees and costs incurred by Plaintiffs following the settlement of the lawsuit are compensable.

## II

**THE DISCRETIONARY AUTHORITY OF THE COURT TO AWARD ATTORNEYS' FEES AND COSTS UNDER THE SETTLEMENT AGREEMENT IS LIMITED TO MATTERS ACTUALLY DECIDED BY THE COURT IN FAVOR OF A PREVAILING PARTY, WHICH DECISIONS ARE FINAL AND NON-APPEALABLE**

Section 14 of the Settlement Agreement provides that "[i]n the event of any dispute regarding this Agreement or any Modification made, or to be made by the City pursuant to the terms hereof, the parties hereto agree to confer for the purpose of resolving, if possible, such dispute. If the parties hereto are unable to resolve such dispute, the matter may be referred to the Court as provided in and in accordance with the terms of Section 13 hereof."

Section 13 of the Settlement Agreement provides, among other things, that "[i]n the event of any litigation or further proceedings between the parties hereto relating to this Agreement, the decision of the Court shall be final and non-appealable. In the discretion of the Court, the *prevailing party in any such action* may be entitled to recover reasonable attorneys' fees and costs in connection therewith . . ." (italics added.)

A reading of Sections 13 and 14 together leads to the inescapable conclusion that attorneys' fees and costs may only be awarded in the discretion of the Court to the prevailing party in cases where the Court has made a decision relating to the Agreement, which decision is "final and non-appealable." In cases or matters where the Court has not made such a decision, Section 13 is not applicable, and any attorneys' fees and costs incurred by Plaintiffs would necessarily be included in the $1.3 million previously paid to Plaintiffs under the provisions of Exhibit "U" and Section 12.

This is the only logical interpretation of Sections 13 and 14 of the Settlement Agreement. In cases where the parties confer under Section 14 but are unable to resolve their differences and judicial intervention becomes necessary, it is clear that the Court in its discretion may award the prevailing party reasonable attorneys' fees and costs in connection with the final and non-appealable decision of the Court.

Conversely, if the Court does not render a final and non-appealable decision on a particular matter, there is no prevailing party who would in the discretion of the Court be entitled

to recover attorneys' fees and costs. In such a case, any fees and costs incurred would necessarily be included in the $1.3 million previously paid to Plaintiffs.

Examples of fees presently sought by Plaintiffs that are itemized in Exhibit "D" attached to Plaintiffs' motion which should be included in the $1.3 million previously paid to Plaintiffs, include, among other things, numerous telephone calls made by Plaintiffs' attorney to clients, defense counsel, and others; meetings with clients; meetings with defense counsel; travel to and from Qualcomm Stadium by Plaintiffs' counsel; reviewing file in preparation for meetings with client and consultant; correspondence to clients regarding status conference, correspondence with defense counsel, etc.

The list of items identified by Plaintiffs for which attorneys' fees are sought, for the most part, fall within the scope of Exhibit "U" and Section 12 of the Settlement Agreement. Very few of the listed items fall within the purview of Section 13 where the Court rendered decisions that were "final and non-appealable."

## III

## CONCLUSION

The discretionary authority of the Court to award attorneys' fees and costs under the Settlement Agreement is limited by the language of Section 13 of the Agreement. Under that section, attorneys' fees and costs may only be awarded to the "prevailing party" in the discretion of the Court in connection with cases where the Court has rendered a "final and non-appealable" decision. Attorneys' fees and costs incurred by Plaintiffs in connection with other matters relating to the Settlement Agreement would fall within the provisions of Exhibit "U" and Section 12 for which payment has previously been made by the City.

Accordingly, Defendants respectfully request this Court to deny Plaintiffs' motion for attorneys' fees and costs in the amount sought, and limit the amount of any discretionary award to those matters that fall within the provisions of Section 13 of the Settlement Agreement.

Dated: March 13, 2009        JAN I. GOLDSMITH, City Attorney

By /s/ EUGENE P. GORDON
  Eugene P. Gordon. DCA
Attorneys for Defendants

4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BEVERLY WALKER, et al., | Case No.: 97cv1547 BTM (LSP) |
|---|---|
| Plaintiffs, | **DECLARATION OF SERVICE** |
| v. | |
| CITY OF SAN DIEGO, et al., | |
| Defendants. | |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents,

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

in the following manner: (Check one)

1) ___ By personally serving the individual named by personally delivering the copies to the offices of the addressee. Time of delivery: _____ a.m./p.m.

2) _ By placing a copy in a sealed envelope and placing it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices.

3) **XX** By electronic filing, I served each of the above referenced documents by E filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

Amy B Vandeveld
abvusdc@hotmail.com, abvusdclm@yahoo.com

Executed: March 13, 2009, at San Diego, California.

_____
MARY YEOMANS