Amy B. Vandeveld, State Bar No. 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California 92101
Telephone: (619) 231-8883
Facsimile: (619) 231-8329

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY WALKER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO, et al., and DOES 1 THROUGH 10, Inclusive,<br><br>    Defendants. | Case No.: 97 CV 1547 LSP<br><br>**SUPPLEMENTAL DECLARATION OF AMY B. VANDEVELD IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: To be determined by the Court<br>Time:<br>Judge: Honorable Leo S. Papas |

    I, AMY B. VANDEVELD, declare:

    1.    I am not a party to this action. I am counsel for the Plaintiffs in the instant action and related actions and am admitted to practice in all courts of this state and the United States District Court, Southern District of California, Eastern District and Central District of California, as well as the Ninth Circuit Court of Appeals. I have personal knowledge of the following facts and, if called as a witness, could and would testify

    2.    The vast majority of the time that I invested in this case, since April 1, 2001, was devoted to efforts to enforce compliance with the Settlement Agreement. Those fees were requested in the fee motion.

    3.    I also spent time that was not requested in the fee motion because I did not believe that that time related to "enforcing" the Agreement including:

1

A) Fee Agreement Benefits.

At the conclusion of the initial Settlement Agreement, the Plaintiffs were entitled to certain ticket and other benefits, including selecting seating locations over a two season period. I spent time coordinating and completing the benefits transactions, but did not include this time in the fee motion.

B) Walker Estate Damages Claim.

After Beverly Walker's death, I spent a significant amount of time researching whether her estate beneficiaries could continue her damages claim. I reviewed the material previously provided by Ms. Walker regarding her damages and drafted extensive correspondence to the executor of Ms. Walker's regarding the damages claims. The estate elected not to pursue any remaining damages claims and I did not include this time in the fee motion.

C) Robert Hann Special Needs Trust.

I invested a significant amount of time in obtaining approval of the Special Needs Trust for Robert Hann. This was not included in the fee motion because it was not related to "enforcement" of the agreement.

D) Ticket Availability.

I have spent a significant amount of time over the years communicating with Stadium representatives about the availability of free tickets for events. Many times we have received the wrong tickets or we did not receive them until shortly before the event, making distribution very difficult. I did not include this time in the fee motion.

E) Ticket Distribution.

My secretary and I spend, together, at least a full day of time distributing tickets for each event for which we receive free tickets. I have personally delivered tickets to "will call" at the stadium on numerous occasions to aid in the distribution of the tickets. With Chargers games, Aztec games, soccer matches, Monster Truck and Motocross events, the amount of time I have personally invested in distributing tickets is significant. I did not include any of this time in the fee motion.

1         F)     Tracking Ticket Use.

I have had numerous conversations with Mike Dougherty about trying to track the use of wheelchair location free tickets because of problems with this in past years. I did not include time spent discussing potential solutions or time spent actually tracking the use of these tickets.

        G)     Bollards.

Representatives of the stadium wanted to install bollards at curb cuts around the stadium for security reasons and requested that I and Beverly go to the site to discuss the issue. I did not include this time in the fee motion.

        H)     Walker and Neudeck Communications.

Over the years, Ms. Walker raised a number of issues that were "stadium-related", but that were not addressed in the Settlement Agreement. I did not include the time I spent addressing these issues in the fee motion because I did not believe it was related to enforcing the Settlement Agreement. For example, Ms. Walker complained on a number of occasions that stadium personnel was rude to her, that her friends with service animals were not properly treated, etc. Unless the complaints related to a specific Settlement Agreement provision, I did not include this time in the fee motion.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted.

DATED: April 9, 2009         LAW OFFICES OF AMY B. VANDEVELD

S/ AMY B. VANDEVELD
Attorney for Plaintiffs
Email: abvusdc@hotmail.com